The judgment of the district court will be affirmed.

UNITED STATES of America

v.

James Allen BARBER et al.

Appeal of William H. ROBINSON, Appellant.

No. 71–1923.

United States Court of Appeals, Third Circuit.

Argued Jan. 28, 1972.

Decided Feb. 23, 1972.

Hastie, Circuit Judge, filed a concurring opinion.

David T. Dana, III, Richards, Layton & Finger, Wilmington, Del., for appellants.

Norman Levine, Asst. U. S. Atty., Wilmington, Del. (F. L. Peter Stone, U. S. Atty., on brief), for appellee.

Before McLAUGHLIN, HASTIE and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This appeal challenges two orders of the United States District Court for the District of Delaware dated July 26, 1971.

■ One order denied defendant's Motion For New Trial on the ground of newly-discovered evidence.[1] After careful consideration of the briefs and oral argument, a majority of the panel has concluded that the record requires the affirmance of this district court order denying the Motion For New Trial on the ground of newly-discovered evidence. See United States v. William H. Robinson, (D.Del. No. 1926, Memorandum Opinion of 7/26/71).[2]

■ The second district court order of July 26, 1971, denied a Motion For Reduction of Sentence under F.R.Crim. P. 35. During the argument on the appeal from this order, counsel for defendant referred to a report completed earlier this month by a well-qualified psychiatrist, concluding:

"Mr. Robinson is not suffering at this time from a psychiatric disorder of any kind. It is my impression that rather than being a destructive, hostile, bitter, distrustful, impetuous, anti-White and anti-social person, *he is fully rehabilitated;* and incarceration would not serve the purpose of changing him to be a more constructive person.

"Rather, in my professional opinion, that change has already taken place, and Mr. Robinson, if released from custody, would not be a danger to either the White or Black communities, but would make a substantial contribution to improving race relations and acting as a useful and constructive citizen in whatever community he lived and worked."

With a commendable desire to secure justice in this case, the United States Attorney stipulated that this report should be made available to the district court in view of the strong testimony in defendant's favor submitted at a hearing on the above Motion on May 20, 1971, provided that Dr. Kaufman would supplement his report after consideration of certain prison progress reports and other material which might be agreed upon by counsel.[3]

In view of this stipulation, the order denying the motion for reduction of sentence will be vacated and the record will be remanded to the district court for its reconsideration of that motion. The above-mentioned July 26, 1971, order denying the Motion For New Trial will be affirmed.

HASTIE, Circuit Judge (concurring).

While I join in this court's order remanding this cause for reconsideration of Robinson's motion for reduction of sentence, I add these observations about the matter in issue.

1. The conviction of defendant in this criminal case is described in the district court opinion denying his Motion For a Post-Trial Judgment of Acquittal Or For A New Trial, see United States v. Barber et al., 303 F.Supp. 807, 815–818 (D.Del. 1969), and the opinion of this court affirming the Judgment and Commitment dated August 26, 1969, see United States v. Barber et al., 442 F.2d 517, 521–522 (3rd Cir. 1971).

2. We also note that the United States Attorney, in his summation to the jury, stated "The Government is not alleging that Robinson was identified by Debbie [Price]" (N.T. 2133).

3. See order of this court dated February 22, 1972.

In my view, the very recent psychiatric report which is cited as providing the immediate occasion for remand merely confirms the very convincing showing already made in the present record that society will be far better served by Robinson's release and return to the community than by continuation of his imprisonment.

After his arrest Robinson was imprisoned for about a year. After his conviction, this court admitted him to bail, pending appeal, under supervision of a concerned clergyman. He remained at large for nearly a year until after this court affirmed his conviction.

The record shows in most impressive ways that Robinson has changed greatly since the 1968 crime for which he stands convicted. The crime occurred in a background of recent serious racial strife in Wilmington. Robinson's participation in this wrongdoing seems to have been a translation of the bitterness of a young black man and his hostility toward whites, viewed by him as the dominant group responsible for social injustice, into a reprehensible act of criminal aggression. On the other hand, during the subsequent period of his enlargement Robinson quite clearly disclosed a new and wholesome attitude characterized by persistent redirection of his energy and his activist temperament toward constructive and lawful undertakings for the betterment of the lot of disadvantaged blacks.

The catalog of his activities is extraordinary and most impressive. Throughout the year of his enlargement, he was an active leader of and participant in several programs organized under the auspices of or with the support of the church and responsible public agencies for the betterment of young people. He organized a church based project for providing and serving free breakfast for black school children who had no breakfast at home. His daily participation extended from driving other workers to the church at 6 A.M. to the actual cooking of food. He worked with state officials to combat drug abuse among the young and was publicly cited for achievement in this area. He boldly exposed and denounced drug pushers. Having familiarized himself with the services provided by various agencies, he directed children and adults to appropriate agencies which could assist them with particular problems. He obtained regular employment with Delmarva Power & Light Co. He proved himself a good worker and employment is now available there for him. While employed, he bought a used car, painted the words "community car" on it, and offered free rides to those traveling along his route to and from work.

At the hearing on the present motion, an impressive number of persons, black and white, in public and private life, who had observed Robinson's activities in the community while he was on bail expressed their firm conviction that he is now a useful and constructive citizen who is committed to a life of service and can be trusted to conduct himself in an exemplary manner.

To me the evidence of Robinson's rehabilitation is clear and convincing. To keep him in prison cannot serve any social purpose. Indeed, continued imprisonment would create a pointless risk of reviving the anti-social attitude that he seems to have overcome through the redirection of his energies into channels of service. On the other hand, to release him as a probationer would return to the community one who already has demonstrated the will and the capacity to be one of its most useful and socially helpful young members.